# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONNIE R. SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-10-626-F |
| | ) |
| JANE STANDIFIRD, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss, to which Petitioner has responded. Thus, the matter is at issue and ready for disposition. For the following reasons it is recommended that the motion be granted and the petition be dismissed as untimely.

## I. BACKGROUND

By this action, Petitioner challenges his convictions pursuant to his pleas of guilty to one count of first degree rape and two counts of sexual abuse of a child, for which he was sentenced to three, ten-year terms of imprisonment to be served concurrently. Case No. CF-2007-234, District Court of Lincoln County. Petition, 5; Motion to Dismiss, Ex. 2.[1]

---

[1] Petitioner contends he actually entered pleas of nolo contendere, but the Plea of Guilty Summary of Facts form reflects he plead guilty. Petition, 5; Motion to Dismiss, Ex. 1, at 5, 7.

Petitioner did not move to withdraw his pleas or otherwise challenge his convictions within ten days as required by Oklahoma law. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. (defendant must file an application to withdraw plea of guilty or nolo contendere within ten days from the pronouncement of the judgment and sentence). Petition, 5. However, on August 25, 2009, Petitioner filed an application for post-conviction relief, which was denied on January 12, 2010. Petition, 6. He then appealed to the Oklahoma Court of Criminal Appeals, which dismissed the appeal for Petitioner's failure to provide a certified copy of the state district court's order denying relief. Petition, 6; Motion to Dismiss, Ex. 4; Case No. PC-2010-227, Oklahoma Court of Criminal Appeals (May 26, 2010). Petitioner filed no other applications for state post-conviction relief. See Petition; Motion to Dismiss, Ex. 3.

In this action, Petitioner seeks relief on five grounds. In Ground One, he claims that counsel was ineffective because Petitioner did not understand that he would have to serve 85% of his sentence before becoming eligible for parole. Petition, 6. In Ground Two, Petitioner alleges that his pleas were not knowing and voluntary. Petition, 7, 15. In Ground Three, he claims that he was not competent to stand trial as he was under the influence of prescribed medication. Petition, 7, 17. In Ground Four, Petitioner claims breach of the plea agreement. Petition, 7-8, 18. Finally, in Ground Five, Petitioner alleges that his pleas were obtained through coercion. Petition, 8, 19.

---

However, for purposes of addressing the motion to dismiss, it is immaterial whether Petitioner plead guilty or nolo contendere, as under Oklahoma law the pleas are treated in the same manner.

## II. DISCUSSION

In her motion to dismiss, Respondent claims that Petitioner's claims are untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. 2244(d)(1). She contends that Petitioner's convictions were final on March 16, 2008, and that the AEDPA limitation period expired on March 16, 2009.

In response to the motion, Petitioner lists thirteen "facts and issues" that he alleges frame all his grounds in a "new and more heinous context and challenges all premises and arguments" of Respondent. Petitioner's Reply, 1. He claims he has leukemia; is deaf in one ear and nearly deaf in the other; takes prescribed medications, has a sub eighth grade education; that the police chief for the town where Petitioner was charged has now been charged with corruption and arrested; that he was always innocent and was the "fall guy" for an easy arrest; that he was denied his V.A. prescribed medications while in jail; that he was informed of the charges against him while in jail; he never met with his attorney before the plea hearing; that he was unable to hear what the judge was "offering or ordering"; that he was promised that he would spend his time incarcerated at a medical facility; that although he signed a document acknowledging that he knew he was charged with an 85% Rule offense he was not aware of what he was signing and he "had been denied medication that specialist"; and that his pleas could not been entered knowingly and willingly. Petitioner's Reply, 1-2. He specifically claims that he was coerced into entering his pleas because he was denied V.A. prescribed medication for his leukemia while in jail. Id. at 3.

## A. THE AEDPA LIMITATIONS PERIOD

AEDPA[2] sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000).

Under § 2244(d)(1)(A), Petitioner's action is clearly untimely. Petitioner alleges that he was sentenced on March 6, 2008. Petition, 5.[3] He states that he did not seek an appeal.

---

[2]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

[3]It appears Petitioner was actually sentenced on March 5, 2008, the day he entered his guilty pleas, but for purposes of addressing the motion to dismiss, the undersigned has accepted

Petition, 5; See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. (1981) (defendant must file an application to withdraw a plea of guilty or nolo contendere within ten days from the pronouncement of the judgment and sentence). Petitioner's convictions therefore became final on March 16, 2008, and the period of limitations began running on March 17, 2008. See Pfeil v. Everett, No. 01-8003, 9 Fed. Appx. 973, 977 (10th Cir. June 6, 2001) (when the petitioner did not file an appeal, "the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final"); see Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) (the one year period of limitations commenced the next day after conviction became final).[4] Thus, the limitations period expired on March 17, 2009. Haws, 219 Fed. Appx. at 783. The petition herein was filed on June 15, 2010, well over a year after the limitations period expired. Petition, 1; Motion to Dismiss, 6. Thus, under § 2244(d)(1)(A) the petition is untimely absent statutory or equitable tolling.

The undersigned notes that one of Petitioner's grounds involves alleged breach of the plea agreement, which might arguably implicate the provisions of § 2244(d)(1)(D). Petitioner alleges that he "was told that if he signed the agreement he would be transported

---

Petitioner's representation as to the date he was sentenced. Motion to Dismiss, Ex. 1, p. 8, 10; Ex. 2; Ex. 3.

[4]These and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

5

to a hospital within 72hrs. and proper medical care would be provided for the remainder of his incarceration." Petition, 19. Even assuming that Petitioner's allegation is true,[5] he would have certainly become aware of such breach when the 72 hours he refers to had passed and he had not been transported to a hospital. That date would be earlier than the date determined above under § 2244(d)(1)(A). Because the limitations period runs "from the latest of" the dates provided by § 2244(d)(1)(A), (B), (C), or (D), the undersigned finds that the one-year period began to run under § 2244(d)(1)(A), when Petitioner's convictions became final.

**1. Statutory Tolling**

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to tolling for his application for post-conviction relief because it was not commenced until the limitations period had already expired. Clark v. State, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations") (citing Burger v. Scott, 317 F.3d 1133, 1136-37 (10th Cir.2003)). Therefore, statutory tolling is unavailable in this case.

**2. Equitable Tolling**

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas

---

[5]Petitioner's claim is inconsistent with the Plea of Guilty Summary of Facts form that sets forth the plea agreement terms. Motion to Dismiss, Ex.1, p. 4.

6

remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

As discussed above, Petitioner raises several issues in his response to the motion to dismiss his petition as untimely. However, most of the "facts and issues" he references go to the issue of whether his pleas were proper – he does not show how any of these things affected his ability to bring a timely habeas petition. For example, although he alleges that he was under the influence of pain medication at the time of the hearing so as to alter his senses and lead him into an agreement he did not understand, Petitioner's Reply, 1-2, he does not link this to the timeliness issue. As the Tenth Circuit has stated:

> Insofar as the equitable tolling argument is concerned, this circuit has yet to apply equitable tolling on the basis of mental incapacity. Further, even assuming that mental incapacity could justify equitable tolling, we only equitably toll the limitations period under "rare and exceptional circumstances." We do not think that [the petitioner's] mere allegations that he was under the influence of medication is sufficient to demonstrate the "extraordinary circumstances beyond his control" necessary for equitable tolling.
>
> [The petitioner] has neither explained how the prescription medicines prevented him from bringing his claim nor submitted evidence that would show that he was incapable of pursuing his claim because of mental incapacity.

McCall v. Wyoming Attorney General, No. 09-8031, 339 Fed.Appx. 848, 850 (10th Cir. June 25, 2009). The same is true of Petitioner's other claims, such as his claims that he has

7

leukemia, is deaf in one ear, has a sub eighth grade education, and that he was coerced to enter into the pleas to get medical treatment. See Petitioner's Reply, 1-2. These allegations go toward his allegation that the pleas were not knowing and voluntary, not to the issue of whether there were extraordinary circumstances beyond his control that made him incapable of bringing a timely claim.

Even if Petitioner could show rare and extraordinary circumstances justifying equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims. Gibson v. Klinger, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner waited almost five months after the one-year limitations period had already passed before bringing his state post-conviction application, and he waited almost 15 months after the AEDPA limitations period had passed to bring a federal habeas action. In light of the foregoing, the undersigned finds that application of the doctrine of equitable tolling is not appropriate here.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's motion to dismiss [Doc. No. 12] be granted and the petition for a writ of habeas corpus be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 19, 2010, in accordance

8

with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of September, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE